UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 12-23168-CIV-MORENO

RICARDO DAVILA, ALMA R. HERNANDEZ,
and other similarly-situated individuals,

       Plaintiffs,

vs.

ALCAMI GROUP, INC. d/b/a LA MELA,
MICHELE ESTEVEZ, and FEDERICO
PADOVAN, individually,

       Defendants.

_____/

## ORDER DENYING MOTION TO SET ASIDE DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Defendants Alcami Group, Inc. and Michele Estevez's Motion to Set Aside and/or Vacate Default Final Judgment **(D.E. No. 33)**, filed on **November 29, 2012**. Defendants specifically request that the Court set aside its Default Final Judgment **(D.E. No. 16)**, entered on **October 17, 2012**, pursuant to Federal Rules of Civil Procedure 55 and 60. For the following reasons, the Court denies the motion to set aside the default judgment.

### I. FACTUAL BACKGROUND

Plaintiffs Ricardo Davila and Alma R. Hernandez filed this suit on August 31, 2012 asserting a cause of action under the Fair Labor Standards Act ("FLSA") against Defendants Alcami Group, Inc., Michele Estevez, and Federico Padovan. In particular, Plaintiffs alleged that Defendants violated the Act by failing to pay overtime compensation, failing to pay minimum wages, and constructively discharging Plaintiffs in retaliation for their complaints about unpaid overtime wages. On September 6, 2012, Estevez was served with Plaintiffs' complaint, both

individually and as the registered agent for Alcami Group.  As a result, Estevez and Alcami Group were required to respond to Plaintiffs' complaint no later than September 27, 2012.

On September 25, 2012, Estevez, on behalf of herself and Alcami Group, called the office of Plaintiffs' counsel in an attempt to negotiate a settlement.  Estevez insists that she spoke with someone who represented himself to be Plaintiffs' counsel and believed this person to be an attorney.  Plaintiffs in turn maintain that Estevez spoke with Jaime Palma, the office's case manager.  With the support of an affidavit from Palma, Plaintiffs deny that Palma ever identified himself as an attorney.  Rather, they contend that Palma told Estevez that he was in fact the office's case manager.  They further point out that Estevez knew Palma from prior communications with the office during the course of other legal proceedings that Plaintiffs' counsel had initiated against both her and Alcami Group.  Indeed, the law firm had engaged in a lawsuit against Estevez and Alcami Group as recently as February 2012.

During this telephone conversation, Estevez offered $500 to each Plaintiff to terminate the case.  If Plaintiffs did not accept this offer, Estevez stated that she was "going to hire a large law firm."  Palma Aff. ¶ 7.  The office then replied that it would get back to Estevez about her offer and reminded her that Defendants' answer was due in two days.  Plaintiffs themselves subsequently communicated their rejection of the offer to their counsel the following day.

Estevez now asserts that she never received a reply from Plaintiffs regarding her settlement offer.  Plaintiffs acknowledge that their attorney never spoke directly with Estevez about the rejection of her offer.  Nevertheless, they maintain that the firm attempted to contact Estevez on September 26, 2012.  When it could not reach Estevez, the firm left a voice mail message asking Estevez to return the missed call.

On September 28, 2012, Plaintiffs filed a motion for the clerk's entry of a default against Estevez and Alcami Group. On October 1, 2012, the Court entered a default final judgment against both Defendants and ordered Plaintiffs to file an affidavit indicating the damages owed no later than October 12, 2012. Plaintiffs accordingly filed the affidavit along with a motion for default judgment on the due date. At no time did Plaintiffs provide Estevez, either individually or as the agent of Alcami Group, with notice that they were pursuing a default judgment. The Court then granted the motion for default judgment on October 17, 2012.

On November 15, 2012, Estevez received a letter from BankUnited informing her that the bank had received a writ of garnishment. Estevez contends that this letter was the first notice she had received that Plaintiffs had declined the settlement offer and had obtained a default judgment. Finally, Estevez received notice of the defendant's right to dissolve the writ of garnishment as well as a certificate of service on November 20, 2012. She states that this was the first communication from Plaintiffs' counsel that she had received since the September 25 telephone conversation.

Estevez and Alcami Group filed the present motion to set aside the default judgment on November 29, 2012. In the motion, both Defendants contend that the Court should set aside its default judgment since Plaintiffs did not provide them with notice of the motion for default judgment as required by Rule 55. Additionally, Estevez and Alcami Group argue that the Court should set aside the default judgment for mistake and excusable neglect under Rule 60(b)(1).

## II. LEGAL STANDARD

Where a party applies to the court for a default judgment in its favor, Rule 55(b)(2) states that "[i]f the party against whom a default judgment is sought has appeared personally or by a

representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). Though the rule speaks of an "appearance," this Court has held that "the defendant does not have to make a formal appearance to trigger the notice requirement." *SEC v. GetAnswers, Inc.*, 219 F.R.D. 698, 700 (S.D. Fla. 2004). Rather, the defendant "must simply manifest a clear intention to defend." *Id.* In truth, this Court has acknowledged decisions in other circuits recognizing participation in settlement negotiations as a manifestation of a clear intention to defend. *See id.* (citing *Key Bank of Me. v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996); *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). However, settlement negotiations do not constitute an appearance where "the party seeking a default clearly communicates an intention to seek a default judgment if settlement negotiations do not produce results by a specific deadline." *Id.* Moreover, "informal contacts alone do not constitute an appearance if they fail to rise to the level of settlement negotiations." *Id.*

Beyond Rule 55(b)(2)'s notice requirement, Rule 55(c) states that a court "may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Thus a party seeking to set aside a court's entry of default judgment "must proceed under Federal Rule of Civil Procedure 60(b)." *J&M Assocs., Inc. v. Callahan*, No. 07-0883-CG-C, 2011 U.S. Dist. LEXIS 131752, at *3 (S.D. Ala. Nov. 15, 2011). This rule provides six bases for setting aside a default judgment. The first, Rule 60(b)(1), provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To set aside a default judgment for mistake, inadvertence, or excusable neglect, the defaulting party must show: "(1) it had a meritorious defense that might have

affected the outcome; (2) granting the motion would not prejudice the opposing party; and (3) good reason existed for failure to respond to the complaint." *Rivas v. Denovus Corp.*, No. 10-22070-CIV-KING, 2010 U.S. Dist. LEXIS 113504, at *2 (S.D. Fla. Oct. 18, 2010).

As a fundamental matter, "[c]ourts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits." *J&M Assocs., Inc.*, 2011 U.S. Dist. LEXIS 131752, at *25. Indeed, the Eleventh Circuit has made it clear that "there is a strong policy of determining cases on their merits and [it] therefore view[s] defaults with disfavor." *Coello v. La Cabana Mexican Rest.*, No. 4:12-CV-1104-VEH, 2013 U.S. Dist. LEXIS 525, at *6 (S.D. Ala. Jan. 2, 2013) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). Accordingly, "[t]he entry of judgment by default 'is a drastic remedy and should be resorted to only in extreme situations. It is only appropriate where there has been a clear record of delay or contumacious conduct.'" *Id.* (quoting *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972)). Nonetheless, this standard "is more rigorous than the 'good cause' standard courts use in setting aside a mere entry of default." *Id.* at *4.

### III. DISCUSSION

*A. Rule 55(b)(2)*

As noted, Estevez and Alcami Group first request that the Court set aside its default judgment due to Plaintiffs' failure to provide notice of their motion for default judgment pursuant to Rule 55.[1] Defendants note, and the parties do not contest, that Plaintiffs did not provide notice

---

[1] Estevez and Alcami Group premise this attempt to set aside the default judgment on Rule 55(c). Yet Rule 55(b)(2) in fact provides the notice requirement. Rule 55(c) merely directs a court to proceed under Rule 60(b) in setting aside a default judgment. Consequently, the Court will analyze Defendants' contention regarding the lack of notice under Rule 55(b)(2).

of their motion for default judgment at least seven days prior to any hearing as required by Rule 55(b)(2). It is also uncontested, however, that Estevez and Alcami Group never made a formal appearance in this action prior to the Court's entry of default judgment. The issue therefore turns on whether Defendants made an informal appearance sufficient to trigger the notice requirement. In other words, the Court must determine whether they manifested a clear intention to defend. *See GetAnswers, Inc.*, 219 F.R.D. at 700.

Estevez and Alcami Group point to two statements that Estevez made during the September 25 telephone conversation that they claim constituted a clear intention to defend. First, they argue that Estevez's settlement offer rose to the level of settlement negotiations triggering the notice requirement. Second, they cite Estevez's warning that she was "going to hire a large law firm" if Plaintiffs did not accept her offer. Palma Aff. ¶ 7. Plaintiffs in turn largely do not address this issue apart from a general statement that the "excusable neglect" standard under Rule 60(b)(1), rather than the "good cause" standard under Rule 55(c), is the proper standard for setting aside a default judgment.

Based on the undisputed facts in the record, the Court finds that the lone telephone conversation on September 25, 2012 amounted to nothing more than an informal contact insufficient to constitute an informal appearance by Defendants. Estevez's unsolicited offer to settle quite simply did not rise to the level of settlement negotiations as the parties never actually negotiated any terms of settlement. Rather, Estevez made an offer to settle that Plaintiffs promptly rejected without any counteroffer or attempt to reach a settlement. Indeed, the office of Plaintiffs' counsel merely stated that it would get back to Defendants rather than providing a substantive response to the offer. Nor does Estevez's statement regarding the law firm constitute

-6-

a manifestation of a clear intention to defend.  Her passing threat of hiring a "large law firm" in the event that Plaintiffs did not accept Defendants' offer is not a clear intention to defend, especially given the relative ease with which Defendants could have made a formal appearance by filing a notice of appearance with the Court.  *See GetAnswers, Inc.*, 219 F.R.D. at 700–01. Yet Defendants' attorney did not file such notice until November 28, 2012 after having learned of the default judgment.  Moreover, the office of Plaintiffs' counsel informed Estevez during the September 25 conversation that Defendants' response was due in two days.  In light of these facts, the Court concludes that Defendants did not make an informal appearance.  Consequently, Plaintiffs did not need to issue notice of their application for a default judgment under Rule 55(b)(2).

### *B. Rule 60(b)(1)*

Since the Court has determined that Estevez and Alcami Group did not make an appearance in this action triggering the notice requirements of Rule 55(b)(2), the Court now turns to Defendants' excusable neglect argument under Rule 60(b)(1).  Relying on Rule 60(b)(1)'s three-part analysis, Defendants first insist that they have a meritorious defense.  In particular, they argue that the Court lacks subject matter jurisdiction under both the individual coverage and enterprise coverage jurisdictional prerequisites of the FLSA.  Second, they deny that setting aside the default judgment will result in any prejudice to Plaintiffs.  Finally, Estevez and Alcami Group contend that they had a good reason for failing to respond to the complaint in a timely manner. Namely, they cite their good faith belief that settlement negotiations were ongoing as they never received an answer from Plaintiffs regarding Estevez's initial offer.  For this reason, Defendants assert that they did not feel a need to respond any further to Plaintiffs' complaint.

-7-

Plaintiffs in response reject each of Defendants' contentions. They first claim that Defendants have only offered general, conclusory defenses to the FLSA claims that are insufficient for purposes of setting aside a default judgment. Additionally, Plaintiffs insist that setting aside the default judgment will result in prejudice due to the length of time that they have been attempting to collect the unpaid wages. Lastly, Plaintiffs object to Defendants' asserted reason for failing to respond to the complaint. They argue that Defendants' erroneous assumption regarding the existence of settlement negotiations is not an adequate basis for disregarding the Court's deadlines.

Even assuming for the moment that Defendants have presented a meritorious defense and have demonstrated that setting aside the default judgment would not result in prejudice, Estevez and Alcami Group have failed to offer a good reason for failing to respond to the complaint. As this Court held in *Rivas v. Denovus Corp.*, "[r]eliance on a belief that deadlines were extended based on settlement negotiations, without any written agreement or any actual ongoing negotiations, is not good reason for failure to timely respond." *Rivas*, 2010 U.S. Dist. LEXIS 113504, at *4. Here, the parties did not produce a written agreement pertaining to the settlement discussion and they did not engage in any actual ongoing negotiations after the September 25 conversation. Consequently, Defendants' decision not to file a response based on their belief that settlement negotiations would continue was not sufficient for purposes of Rule 60(b)(1). The Court therefore denies the motion to set aside the default judgment.

## IV.  CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendants Alcami Group, Inc. and Michele Estevez's Motion to Set

-8-

Aside and/or Vacate Default Final Judgment **(D.E. No. 33)**, filed on **November 29, 2012**, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record